**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SOUTHSTAR FUNDING, LLC, | ) | CASE NO. 07-65842-pwb |
| | ) | |
| Debtor. | ) | |
| | ) | |

# MOTION FOR ORDER APPROVING
# (1) SALE BY AUCTION OF JUDGMENTS AND SIMILAR PROPERTY; AND (2) PROCEDURES FOR SALE BY AUCTION

**COMES NOW** Harry W. Pettigrew, in his office and capacity as trustee ("**Trustee**") in the above-captioned case of SouthStar Funding, LLC (the "**Debtor**"), and, by and through the undersigned counsel, files his "Motion for Order Approving (1) Sale by Auction of Judgments and Similar Property; and (2) Procedures for Sale by Auction" (the "**Motion**"). In support of his Motion, Trustee shows the Court as follows:

## Jurisdiction

1.     This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are Section 105(a) and Section 363 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

2.     On April 11, 2007 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

307590.doc

3.      Harry W. Pettigrew was appointed as Chapter 7 trustee in the Debtor's case and continues to serve in such capacity.

4.      Debtor was headquartered in Atlanta, Georgia, and offered wholesale financing for the residential, non-conforming mortgage market.

5.      Debtor ceased operations and closed its offices prior to the Petition Date.

6.      Some of Debtor's operations were physically located at leased locations in Georgia, Florida, Louisiana, South Carolina, Ohio, Alabama, California, Virginia, Tennessee, Texas, Minnesota, New Jersey, Michigan, Missouri, Illinois, Colorado, Connecticut, Rhode Island, and North Carolina.   Debtor's headquarters office was located at leased space at 400 Northridge Road, Suite 1000, Atlanta, Georgia 30350.

7.      In its business, Debtor sold mortgage loans to investors and sold real estate that Debtor had acquired through foreclosure of mortgage loans owned by the Debtor.

8.      In the normal course of its business, Debtor pursued various items of litigation and in some instances obtained judgments.  Trustee has obtained judgments and filed proofs of claim in the course of administration of the estate.

9.      Trustee attaches as Exhibit "A" to this Motion a list of judgments or orders obtained by Debtor or Trustee.  The list also includes proofs of claim filed on behalf of Debtor in bankruptcy cases that remain open.   The listing on Exhibit "A" will be referenced as the "**Claims**."

10.     Trustee and his professionals have considered and explored various options for realizing on the value of the Claims.  Trustee and his professionals have determined that an

auction sale of the Claims provides the best opportunity for prompt and efficient realization of value for the estate of Debtor from the Claims.

## Relief Requested

11.    Trustee, in exercise of his business judgment based upon his assessment and upon input from his professionals, has determined that it is in the best interests of the estate and its creditors to sell the Claims and to move forward with an auction in accordance with approved bid procedures.  Accordingly, by this Motion, Trustee seeks entry an order substantially in the form annexed as Exhibit "B" that:  (i) approves bid procedures, including terms of sale; (ii) sets deadlines for submission of bids, qualification of potential purchasers, and objections to this Motion; and (iii) schedules the hearing at which Trustee will present the Successful Bid (as defined below) to the Court for approval.

## Basis for Relief

12.    Section 363 of the Bankruptcy Code authorizes a trustee "after notice and a hearing . . . to use, sell, or lease, other than in the ordinary course of business, property of the estate . . .."  11 U.S.C. § 363(b)(1).  Section 105 of the Bankruptcy Code grants to the Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

## Sale and Bid Procedures

13.    Trustee proposes the following procedures be approved and implemented in lieu of a separate motion and hearing for sale of each of the Claims:

a.    Qualified Bidder and Initial Round.  A "Qualified Bidder" will be a person or entity who has delivered to Trustee, on or before the close of business on March 4, 2010 (the

"Bidding Deadline"), a bid substantially in the form of Exhibit "1" (the "Form of Bid") and also provides evidence acceptable to the Trustee of the ability to pay the initial bid price.  The evidence of ability to pay shall be kept confidential by Trustee.  The sufficiency of such evidence will be in the discretion of Trustee.  In the event of a dispute, the Court will determine whether a bidder is a Qualified Bidder.

      b.     Highest Bid in Initial Round.  By the close of business on March 5, 2010, Trustee will inform each Qualified Bidder via email at the email address provided in the Form of Bid the amount of the highest bid which bid will become the opening bid for the Auction.

      c.     Auction.  Trustee will conduct an auction (the "Auction") at the offices of Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road, NE, Suite 550, Atlanta, Georgia  30326 at 10:00 a.m. on March 8, 2010.  The opening bid will be the bid announced under paragraph (b) above. Each Qualified Bidder will have an opportunity to bid at the Auction. To participate in the Auction, a Qualified Bidder must appear in person or, if approved by Trustee prior to the Auction, a Qualified Bidder may appear by telephone.  The initial overbid must be at least $1,000.00 greater than the opening bid.  Overbids after the initial overbid must be in increments of at least $500.00.

      d.     Conduct of the Auction.  Trustee will determine the point at which he has received the highest bid and will be empowered to conclude the bidding.  At the conclusion of the Auction, Trustee will identify the Qualified Bidder with the best bid (the "Successful Bidder") and the Qualified Bidder with the second best bid (the "Secondary Bidder").  A Qualified Bidder may dispute Trustee's determination of the Successful Bids, and any such dispute shall be determined by the Court.  In determining the best bid, Trustee will consider

(i) the readiness, ability, and willingness of each Qualified Bidder to consummate the sale, and

(ii) which Qualified Bid produces the greatest net recovery to the estate of Debtor.

       e.     The sale of the Claims shall be without representations or warranties of any kind, nature, or description by Trustee, his agents or the estate of Debtor.  Any transactional documents, including the Bill of Sale, shall provide that TRUSTEE HEREBY EXPRESSLY DISCLAIMS ANY AND ALL EXPRESS OR IMPLIED WARRANTIES WITH RESPECT TO THE CLAIMS, INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY AND FITNESS FOR ANY PARTICULAR PURPOSE.   THE INTEREST OF THE ESTATE OF DEBTOR IN THE CLAIMS SHALL BE TRANSFERRED "AS IS", "WHERE IS", WITH "ALL FAULTS".

       f.     Due Diligence.  By making a bid, each Qualified Bidder represents that Qualified Bidder has undertaken due diligence and that Qualified Bidder will not seek to delay closing in order to undertake any additional due diligence.

       g.     Approval of the Court.  Trustee will report the outcome of the Auction at a hearing and will seek approval by the Court of the bids from the Successful Bidder and the Secondary Bidder.  If the Court approves the bids, the Court will enter an order (the "Sale Order") approving the sale and authorizing the Debtors to close the sale(s) immediately, notwithstanding Bankruptcy Rule 6004(g).

       h.     Closing.  The Successful Bidder must be ready to close the sale by the later of (i) the first business day after entry of the Sale Order, or (ii) such later date (but no later than three business days after entry of the Sale Order) (the "Closing Deadline").  In the event the Successful Bidder fails to close by the Closing Deadline, Trustee shall be authorized to close the

sale to the Secondary Bidder without further notice or hearing. The Secondary Bidder must be ready to close the sale by the later of (x) the first business day after the failure of the Successful Bidder to close by the Closing Deadline, or (y) such later date (but no later than three business days after the failure of the Successful Bidder to close by the Closing Deadline). After closing, the Successful Bidder or the Secondary Bidder, as the case may be, will be later referenced in this document as the "Purchaser."

        i.      Closing Documents. Trustee will be authorized to deliver at the closing a transfer document in the form of Exhibit 2. For a period of 30 days after the closing, Trustee will be authorized to execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfers contemplated under this document in a form reasonably acceptable to the Trustee and Purchaser. After passage of the 30 days from the date of closing, Trustee will have no obligation to execute and deliver any transfer documents to Purchaser.

        j.      After closing, Trustee authorizes Purchaser to file a notice of transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to any bankruptcy claim transfers and Trustee hereby waives any right he may have to object thereto and any right to receive notice under Rule 3001(e) of the FRBP. With respect to any non-bankruptcy claims, after closing, Trustee authorizes Purchaser to file a change of address or notice of transfer (at Purchaser's discretion) and Trustee waives any right to raise any objection to the transfer and the right to receive notice of the transfer.

**Applicable Authority**

14.     Section 363(b) of the Bankruptcy Code provides that a trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." As described herein, sound business reasons exist to justify the sales of the Claims. Indeed, allowing the Trustee to sell assets in this manner constitutes the most efficient and cost effective means of maximizing the value realized for the Claims, and therefore is in the best interest of the Debtor's estate.

15.     The Trustee believes that the relief requested herein is in the best interests of the estate and that the procedures outlined above will minimize the administrative costs of this case, will speed the process of liquidating assets.

**Notice**

16.     Pursuant to the Court's Order entered June 28, 2007 (Docket No. 91), Trustee will serve this Motion and a notice of hearing regarding this Motion on:  (i) the Office of the United States Trustee for the Northern District of Georgia; (ii) any entity who has formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002; (iii) the creditors listed on Debtor's schedule D; (iv) those persons Trustee has identified as having a potential interest in bidding; (v) counsel for Debtor; and (vi) such others persons or entities as the Court may direct. Trustee shows that such notice is proper and sufficient.

WHEREFORE, the Trustee respectfully requests that the Court grant the relief requested in this Motion, and such other and additional relief as is just and proper.

Respectfully submitted this 29th day of January, 2010.

LAMBERTH, CIFELLI, STOKES,
ELLIS & NASON, P.A.
**Attorneys for Harry W. Pettigrew, Chapter 7**
**Trustee**

*/s/ Maggie Rentz*
J. Michael Lamberth
Georgia Bar No. 431975
mlamberth@lcsenlaw.com
Maggie Rentz
Georgia Bar No. 126457
mrentz@lcsenlaw.com

3343 Peachtree Road, NE, Suite 550
Atlanta, GA  30326
Telephone:    404.262-7373
Facsimile:    404.262-9911

**Exhibit "A"**

**List of Judgments**

1.  Brown, Maxwell
    Superior Court of Fulton County, GA
    Case #2005-CV-105538
    **Order and Judgment** signed on or about 08/04/08

2.  Marshall, Shuron Wilson
    Superior Court of Fulton County, GA
    Case #2005-CV-105538
    **Order and Judgment** signed on or about 08/04/08

3.  Rhodes, Lionel and First Superior Mortgage Corporation
    U.S. District Court, Eastern District, NC, Western Div.
    Case #5:04-CV-858-br
    **Judgment** (DE 89 entered on or about 09/07/06 for compensatory damages)
    **Amended Judgment** (DE 96 entered on or about 03/20/07 for punitive damages)

4.  Jackson, Tia
    Superior Court of Fulton County, GA
    Case #2004-CV-80896
    **Judgment** signed on or about 01/23/07

5.  Lazarou, Christopher G.
    Superior Court of Fulton County, GA
    Case #2004-CV-80896
    **Judgment** signed on or about 01/23/07

6.  Lazarou & Associates
    Superior Court of Fulton County, GA
    Case #2004-CV-80896
    **Judgment** signed on or about 01/23/07

7.  Phillips, William
    Superior Court of Mecklenburg, NC
    Case #04-CVS-12928
    **Default Judgment** signed on or about 01/27/05

8.  Smith, Curtis
    Superior Court of Mecklenburg, NC
    Case #04-CVS-12928
    **Default Judgment** signed on or about 01/27/05

9.    Sprouse, Victoria
      U.S. District Court, Western District, NC (Charlotte)
      Case 3:05-CV-253
      DE 121 **Judgment** signed on or about 03/23/07

      USBC, ND GA
      SouthStar Bankruptcy, Case 07-65842-pwb
      DE 204 Motion to Approve Settlement Agreement entered on or about 11/15/07
      DE 219 Order Approving Settlement entered on or about 12/12/07
      Proof of Claim filed in bankruptcy case of <u>Sprouse</u>

10.   Twelve Oaks Mortgage, Inc.
      Superior Court of Fulton County, GA
      Case #2004-CV-80896
      **Judgment** signed on or about 01/23/07

11.   Consent Order entered in Superior Court of Fulton County on or about January 23, 2007
      in Civil Action 2004-CV-80896 against Collin Bramlett and any judgment entered on the
      Consent Order.

**Exhibit "B"**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SOUTHSTAR FUNDING, LLC, | ) | CASE NO. 07-65842 |
| | ) | |
| Debtor. | ) | JUDGE BONAPFEL |

**ORDER APPROVING MOTION FOR
(1) SALE BY AUCTION OF JUDGMENTS AND SIMILAR PROPERTY;
AND (2) PROCEDURES FOR SALE BY AUCTION**

Before the Court is the "Motion for Order Approving (1) Sale by Auction of Judgments and Similar Property; and (2) Procedures for Sale by Auction (the "Motion") filed on January 29, 2010.  The Motion came on for hearing on February 23, 2010.

Based upon the presentation of Trustee's counsel, the record in the case, and having duly considered the Motion, it appears that cause exists to grant the relief sought in the Motion. Accordingly, it is

**ORDERED** that the procedures governing the proposed sale of the Claims (as defined in the Motion) set forth on attached Exhibit "A" are hereby approved; and it is further

307592.doc

**ORDERED** that approval of these procedures shall not be deemed to be approval of any proposed sale; and it is further

**ORDERED** that Trustee is authorized to conduct an auction (the "Auction") at the offices of Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road, NE, Suite 550, Atlanta, Georgia  30326, on March 8, 2010, at 10:00 a.m. ET; and it is further

**ORDERED** that on March 9, 2010, at 10:00 a.m. ET, in Courtroom 1401, 75 Spring Street, SW, Atlanta, Georgia, the Court shall consider approval of the results of the Auction; and it is further

**ORDERED** that this Order shall become effective immediately upon its entry; and it is further

**ORDERED** that Trustee is directed to serve this Order on:  (i) the Office of the United States Trustee for the Northern District of Georgia; (ii) any entity who has formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002; (iii) the creditors listed on Debtor's schedule D; (iv) those persons Trustee has identified as having a potential interest in bidding; and (v) counsel for Debtor; and it is further

**ORDERED** that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

[END OF DOCUMENT]

**Prepared and presented by:**

*/s/ Maggie Rentz*
J. Michael Lamberth
Georgia Bar No. 431975
mlamberth@lcsenlaw.com
Maggie Rentz
Georgia Bar No. 126457
mrentz@lcsenlaw.com
**Attorneys for Harry W. Pettigrew, Chapter 7 Trustee**
LAMBERTH, CIFELLI, STOKES,
ELLIS & NASON, P.A.
3343 Peachtree Road, NE, Suite 550
Atlanta, GA  30326
Telephone:    404.262-7373
Facsimile:    404.262-9911

Identification of parties to be served:

J. Michael Lamberth and Maggie Rentz, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road, NE, Suite 550, Atlanta, GA  30326

Harry W. Pettigrew, Pettigrew & Associates, P.C., P.O. Box 4030, Decatur, GA  30031

Office of the U.S. Trustee, Richard B. Russell Federal Building, 75 Spring Street, SW, Suite 362, Atlanta, GA  30303

# EXHIBIT "A"

## BID PROCEDURES

The following procedures shall govern the submission of bids, the conduct of the Auction (as defined herein), the terms of the sale, and the closing of the sale:

(a)     Qualified Bidder and Initial Round.  A "Qualified Bidder" will be a person or entity who has delivered to Trustee, on or before the close of business on **March 4, 2010** (the "Bidding Deadline"), a bid substantially in the form of Exhibit "1" (the "Form of Bid") and also provides evidence acceptable to the Trustee of the ability to pay the initial bid price.  The evidence of ability to pay shall be kept confidential by Trustee.  The sufficiency of such evidence will be in the discretion of Trustee.  In the event of a dispute, the Court will determine whether a bidder is a Qualified Bidder.

(b)     Highest Bid in Initial Round.  By the close of business on **March 5, 2010**, Trustee will inform each Qualified Bidder via email at the email address provided in the Form of Bid the amount of the highest bid which bid will become the opening bid for the Auction.

(c)     Auction.  Trustee will conduct an auction (the "Auction") at the offices of Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road, NE, Suite 550, Atlanta, Georgia  30326 at 10:00 a.m. on **March 8, 2010**.  The opening bid will be the bid announced under paragraph (b) above. Each Qualified Bidder will have an opportunity to bid at the Auction. To participate in the Auction, a Qualified Bidder must appear in person or, if approved by Trustee prior to the Auction, a Qualified Bidder may appear by telephone.  The initial overbid must be at least $1,000.00 greater than the opening bid.  Overbids after the initial overbid must be in increments of at least $500.00.

(d)     Conduct of the Auction.  Trustee will determine the point at which he has received the highest bid and will be empowered to conclude the bidding.  At the conclusion of the Auction, Trustee will identify the Qualified Bidder with the best bid (the "Successful Bidder") and the Qualified Bidder with the second best bid (the "Secondary Bidder").  A Qualified Bidder may dispute Trustee's determination of the Successful Bids, and any such dispute shall be determined by the Court.  In determining the best bid, Trustee will consider (i) the readiness, ability, and willingness of each Qualified Bidder to consummate the sale, and (ii) which Qualified Bid produces the greatest net recovery to the estate of Debtor.

(e)     The sale of the Claims shall be without representations or warranties of any kind, nature, or description by Trustee, his agents or the estate of Debtor.  Any transactional documents, including the Bill of Sale, shall provide that **TRUSTEE HEREBY EXPRESSLY DISCLAIMS ANY AND ALL EXPRESS OR IMPLIED WARRANTIES WITH RESPECT TO THE CLAIMS, INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY AND FITNESS FOR ANY PARTICULAR**

**PURPOSE.  THE INTEREST OF THE ESTATE OF DEBTOR IN THE CLAIMS SHALL BE TRANSFERRED "AS IS", "WHERE IS", WITH "ALL FAULTS".**

(f)     Due Diligence.  By making a bid, each Qualified Bidder represents that Qualified Bidder has undertaken due diligence and that Qualified Bidder will not seek to delay closing in order to undertake any additional due diligence.

(g)     Approval of the Court.  Trustee will report the outcome of the Auction at a hearing and will seek approval by the Court of the bids from the Successful Bidder and the Secondary Bidder.  If the Court approves the bids, the Court will enter an order (the "Sale Order") approving the sale and authorizing the Debtors to close the sale(s) immediately, notwithstanding Bankruptcy Rule 6004(g).

(h)     Closing.  The Successful Bidder must be ready to close the sale by the later of (i) the first business day after entry of the Sale Order, or (ii) such later date (but no later than three business days after entry of the Sale Order) (the "Closing Deadline").  In the event the Successful Bidder fails to close by the Closing Deadline, Trustee shall be authorized to close the sale to the Secondary Bidder without further notice or hearing.  The Secondary Bidder must be ready to close the sale by the later of (x) the first business day after the failure of the Successful Bidder to close by the Closing Deadline, or (y) such later date (but no later than three business days after the failure of the Successful Bidder to close by the Closing Deadline).  After closing, the Successful Bidder or the Secondary Bidder, as the case may be, will be later referenced in this document as the "Purchaser."

(i)     Closing Documents.  Trustee will be authorized to deliver at the closing a transfer document in the form of Exhibit 2.  For a period of 30 days after the closing, Trustee will be authorized to execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfers contemplated under this document in a form reasonably acceptable to the Trustee and Purchaser.  After passage of the 30 days from the date of closing, Trustee will have no obligation to execute and deliver any transfer documents to Purchaser.

(j)     After closing, Trustee authorizes Purchaser to file a notice of transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to any bankruptcy claim transfers and Trustee hereby waives any right he may have to object thereto and any right to receive notice under Rule 3001(e) of the FRBP.  With respect to any non-bankruptcy claims, after closing, Trustee authorizes Purchaser to file a change of address or notice of transfer (at Purchaser's discretion) and Trustee waives any right to raise any objection to the transfer and the right to receive notice of the transfer.

**Exhibit "1"**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SOUTHSTAR FUNDING, LLC, | ) | CASE NO. 07-65842 |
| | ) | |
| Debtor. | ) | JUDGE BONAPFEL |

<u>**FORM OF BID**</u>

The undersigned has read and is familiar with the Order Approving (1) Sale by Auction of Judgments and Similar Property; and (2) Procedures for Sale by Auction, including exhibits, entered in the above-styled case on or about _____, 2010 (the "<u>Order</u>").

The undersigned hereby submits as an initial Bid the sum of $_____ for the Claims, as that term is defined in the Order.

**INDIVIDUAL:**                                              **ENTITY:**

Signature: _____          Entity Name: _____

Name: _____                 By: _____
       (print or type)                                                            (signature)

                                    Name: _____
                                               (print or type)

                                      Its: _____
                                               (print or type)

Street Address: _____    Street Address: _____

City/State/Zip: _____     City/State/Zip: _____
Telephone: _____           Telephone: _____
E-Mail: _____                  E-Mail: _____

**Exhibit "2"**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SOUTHSTAR FUNDING, LLC, | ) | CASE NO. 07-65842 |
| | ) | |
| Debtor. | ) | JUDGE BONAPFEL |
| | ) | |

### TRANSFER AND ASSIGNMENT

FOR VALUE RECEIVED, the undersigned, Harry W. Pettigrew, as Trustee for the Chapter 7 bankruptcy estate of SouthStar Funding, LLC (the "Trustee"), does hereby transfer, assign, and convey unto _____ (the "Purchaser"), all of his right, title, and interest, in, to, and under the property interests, as  described in Exhibit "A" attached hereto, (the "Property"), as authorized and in accordance with that certain Order, entered on the docket on _____, 2010 in the above-styled bankruptcy case, to have and to hold the same under Purchaser, its successors and assigns.

THIS TRANSFER AND ASSIGNMENT IS MADE WITHOUT ANY WARRANTIES OR REPRESENTATIONS AS TO THE EXISTENCE, QUANTITY, QUALITY, OR NATURE OF ANY OF THE FORGOING TYPES OR ITEMS OF PROPERTY OR THE TRANSFERABILITY OR ASSIGNABILITY OF ANY CONTRACTS, LICENSES, OR PERMITS INCLUDED WITHIN THE CATEGORIES AND ITEMS OF THE PROPERTY, IF ANY, AND IS WITHOUT RECOURSE AGAINST THE UNDERSIGNED.  THE PROPERTY IS BEING SOLD BY TRUSTEE AND ACCEPTED BY PURCHASER AS IS, WHERE IS, WITH ALL FAULTS, AND TRUSTEE MAKES NO WARRANTIES, EXPRESS OR IMPLIED, REGARDING THE PROPERTY, INCLUDING, BUT NOT LIMITED TO, WARRANTIES OF TITLE, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE, ALL OF WHICH ARE HEREBY DISCLAIMED.

[remainder of page intentionally left blank]

IN WITNESS WHEREOF, the undersigned has hereunto set his hand and seal this _____ day of January, 2010.

_____ [SEAL]
Harry W. Pettigrew, as and only as Trustee
for the Chapter 7 Bankruptcy Estate of
SouthStar Funding, LLC

Signed, sealed, and delivered this _____ day
of January, 2010 in the presence of:

_____
Notary Public
My Commission Expires: _____

_____
Unofficial Witness

## EXHIBIT "A"

The right, title and interest of the bankruptcy estate of SouthStar Funding, LLC in and to the following Claims (as defined in the Motion for Order Approving (1) Sale by Auction of Judgments and Similar Property; and (2) Procedures for Sale by Auction):

1.    Brown, Maxwell
      Superior Court of Fulton County, GA
      Case #2005-CV-105538
      **Order and Judgment** signed on or about 08/04/08

2.    Marshall, Shuron Wilson
      Superior Court of Fulton County, GA
      Case #2005-CV-105538
      **Order and Judgment** signed on or about 08/04/08

3.    Rhodes, Lionel and First Superior Mortgage Corporation
      U.S. District Court, Eastern District, NC, Western Div.
      Case #5:04-CV-858-br
      **Judgment** (DE 89 entered on or about 09/07/06 for compensatory damages)
      **Amended Judgment** (DE 96 entered on or about 03/20/07 for punitive damages)

4.    Jackson, Tia
      Superior Court of Fulton County, GA
      Case #2004-CV-80896
      **Judgment** signed on or about 01/23/07

5.    Lazarou, Christopher G.
      Superior Court of Fulton County, GA
      Case #2004-CV-80896
      **Judgment** signed on or about 01/23/07

6.    Lazarou & Associates
      Superior Court of Fulton County, GA
      Case #2004-CV-80896
      **Judgment** signed on or about 01/23/07

7.    Phillips, William
      Superior Court of Mecklenburg, NC
      Case #04-CVS-12928
      **Default Judgment** signed on or about 01/27/05

8.    Smith, Curtis
      Superior Court of Mecklenburg, NC
      Case #04-CVS-12928
      **Default Judgment** signed on or about 01/27/05

9.      Sprouse, Victoria
        U.S. District Court, Western District, NC (Charlotte)
        Case 3:05-CV-253
        DE 121 **Judgment** signed on or about 03/23/07

        USBC, ND GA
        SouthStar Bankruptcy, Case 07-65842-pwb
        DE 204 Motion to Approve Settlement Agreement entered on or about 11/15/07
        DE 219 Order Approving Settlement entered on or about 12/12/07
        Proof of Claim filed in bankruptcy case of Sprouse

10.     Twelve Oaks Mortgage, Inc.
        Superior Court of Fulton County, GA
        Case #2004-CV-80896
        **Judgment** signed on or about 01/23/07

11.     Consent Order entered in Superior Court of Fulton County on or about January 23, 2007
        in Civil Action 2004-CV-80896 against Collin Bramlett and any judgment entered on the
        Consent Order.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the date set forth below, **MOTION FOR ORDER APPROVING (1) SALE BY AUCTION OF JUDGMENTS AND SIMILAR PROPERTY; AND (2) PROCEDURES FOR SALE BY AUCTION** was served by first class U.S. Mail, postage prepaid, or by electronic mail, if applicable, to the following:

Harry W. Pettigrew        First Class U.S. Mail
Pettigrew & Associates, P.C.
P.O. Box 4030
Decatur, GA  30031

Office of the U.S. Trustee       First Class U.S. Mail
362 Richard B. Russell Federal Building
75 Spring Street, SW
Atlanta, GA  30303

J. Robert Williamson     rwilliamson@swlawfirm.com
Scroggins & Williamson
1500 Candler Building
127 Peachtree Street NE, Suite 1500
Atlanta, GA  30303

Jeffrey W. Kelley    jeffrey.kelley@troutmansanders.com
Troutman Sanders LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, GA  30308-2216

Gilbert B. Weisman     notices@becket-lee.com
Becket & Lee LLP
16 General Warren Boulevard
P.O. Box 3001
Malvern, PA  19355

Jerry D. Gerald      jgerald@wbilegal.com
Wilson Brock & Irby, L.L.C.
Overlook I, Suite 700
2849 Paces Ferry Road
Atlanta, GA  30339

Dean P. Sperling      dean@sperlinglaw.com
201 E. Sandpointe, Suite 220
Santa Ana, CA  92707-5742

11

Gregory M. Taube                                    greg.taube@nelsonmullins.com
Nelson Mullins Riley & Scarborough, LLP
999 Peachtree Street, NE, Suite 1400
Atlanta, GA  30309

Attn: Randy Deschenes                              First Class U.S. Mail
EMC Residential
2780 Lake Vista Drive
Lewisville, TX  75067

Rav Karamsingh                                     First Class U.S. Mail
Bear Stearns
383 Madison Avenue, 27th Floor
New York, NY  10179

Attn: Carol Robertson                              First Class U.S. Mail
Washington Mutual Bank
Legal Department
9200 Oakdale Avenue
Chatsworth, CA  91311

Residential Funding Company, LLC                   First Class U.S. Mail
East Tower, Suite 900
7501 Wisconsin Avenue
Bethesda, MD  20814

Attn: John Cooney                                  First Class U.S. Mail
Residential Funding Company, LLC
8400 Normandale Lake Blvd., Suite 250
Bloomington, MN  55437

Kim Peoples                                        kapeoples@comcast.net
7470 Heard Road
Cumming, GA  30041

Bonnie K. Green                                    bgreen@slk-law.com
Shumaker, Loop & Kendrick, LLP
128 S. Tryon Street, Suite 1800
Charlotte, NC  28202

William L. Rothschild                              br@eorrlaw.com
Ellenberg, Ogier & Rothschild, P.C.
170 Mitchell Street, SW
Atlanta, GA  30303-3424

T. Tucker Hobgood                                  tucker_hobgood@viningslaw.com
Johnson Hobgood Rutherford LLC
600 Galleria Parkway, Suite 950
Atlanta, GA  30339

12

David C. Whitridge         dcwhitridge@msplaw.com
Morris, Schneider & Prior, LLC
1587 Northeast Expressway
Atlanta, GA  30329

Litton Loan Servicing, L.P.      mjm@mccallaraymer.com
c/o McCalla Raymer, LLC
Attn: Michael J. McCormick
Bankruptcy Department
1544 Old Alabama Road
Roswell, GA  30076

Therese G. Franzen       tfranzen@franzen-salzano.com
Franzen & Salzano PC
40 Technology Parkway South, Suite 202
Norcross, GA  30092

Abraham M. Ashton     aashton@kennedycovington.com
Kennedy Covington Lobdell & Hickman, LLP
Hearst Tower, 47th Floor
214 N. Tryon Street
Charlotte, NC  28202

Kathleen A. Gardiner      First Class U.S. Mail
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Suite 10-200
Detroit, MI  48202

Lisa F. Caplan        lcaplan@adorno.com
Adorno & Yoss, LLC
Two Midtown Plaza, Suite 1500
1349 W. Peachtree Street
Atlanta, GA  30309

Wells Fargo Bank, N.A.     mjm@mccallaraymer.com
c/o McCalla Raymer, LLC
Attn: Michael J. McCormick
Bankruptcy Department
1544 Old Alabama Road
Roswell, GA  30076

Hilary B. Bonial        notice@bkcylaw.com
Tyler B. Jones
Brice, Vander Linden & Wernick, P.C.
P. O. Box 829009
Dallas, TX  75382-9009

Sarah A. Wyeth                                          syweth@rsmpc-law.com
Raymond S. Martin, P.C.
990 Hammond Drive, Suite 800
Atlanta, GA  30328-5511

Myja K. Kjaer                                          mkjaer@winston.com
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, IL  60601

Richard B. Maner                                       rmaner@rbmlegal.com
Building D, Suite 100
5775 Glenridge Drive
Atlanta, GA  30328

Sean R. Quirk                                          seanq.ga@logs.com
Shapiro & Swertfeger
2872 Woodcock Boulevard, Suite 100
Atlanta, GA  30341

Laurence R. Landry                                     lrl@quirklaw.com
Quirk & Quirk, LLC
6000 Lake Forrest Drive, NW, Suite 325
Atlanta, GA  30328

Julie Mehelic                                          jmehelic@logs.com
Shapiro & Swertfeger
2872 Woodcock Boulevard, Suite 100
Atlanta, GA  30341

Tennessee Department of Revenue                        First Class U.S. Mail
c/o Tennessee Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN  37202-0207

William J. Layng, Jr.                                  blayng@penderlaw.com
Pendergast & Jones, PC
115 Perimeter Center Place, Suite 1000
Atlanta, GA  30346

Sidney Gelernter                               sgelernter@mccurdycandler.com
McCurdy & Candler, LLC
250 E. Ponce de Leon Avenue, Suite 600
Decatur, GA  30030

Jon Krigsman                                           jonk@facapital.net
Managing Member
First American Capital V LLC
7286 Siena Way
Boulder, CO  80301

EMC Mortgage Corporation                              rhs@mccallaraymer.com
c/o McCalla Raymer, LLC
Attn:  Richard Siegel
Bankruptcy Department
1544 Old Alabama Road
Roswell, GA  30076

Abbey M. Ulsh                                         ga.nd.ecf@bbwcdf.com
Barrett Daffin & Frappier, L.L.P.
15000 Surveyor Boulevard, Suite 100
Addison, TX  75001

This 29th day of January, 2010.

                                         LAMBERTH, CIFELLI, STOKES,
                                           ELLIS & NASON, P.A.
**Attorneys for Harry W. Pettigrew, Chapter 7 Trustee**

                                       */s/ Maggie Rentz*
                                       J. Michael Lamberth
                                       Georgia Bar No. 431975
                                       mlamberth@lcsenlaw.com
                                       Maggie Rentz
                                       Georgia Bar No. 126457
                                       mrentz@lcsenlaw.com

3343 Peachtree Road, NE, Suite 550
Atlanta, GA  30326
Telephone:      404.262-7373
Facsimile:       404.262-9911